UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:09-CR-00034-O-BL |
| MAXAMILLION POWDRILL | § § § | |

## REPORT AND RECOMMENDATION
## AS TO REVOCATION OF SUPERVISED RELEASE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated April 27, 2017 (Doc. 90), addressing the motion to revoke MAXAMILLION POWDRILL's term of supervised release.

### I. PROCEDURAL BACKGROUND

#### A. Original Conviction

On September 17, 2009, MAXAMILLION POWDRILL (hereafter "Defendant") pleaded guilty to two counts of a three-count indictment, with Count 1 charging Possession with Intent to Distribute 50 Kilograms or More of Marijuana, 21 U.S.C. § 841(a)(1) & (b)(1)(D) and 18 U.S.C. § 2, Aiding and Abetting, and Count 3 charging Convicted Felon in Possession of Firearms, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc.66). On December 11, 2009, Defendant was sentenced to 63-months custody as to each count, to be served concurrently, to be followed by a 4-year term of supervised release as to Count 1 and 3 years as to Count 3. (*Id.*) Supervision commenced on February 8, 2016. (Doc. 68).

On December 20, 2016, a Petition for Offender under Supervision was filed by the United States Probation Office (Doc. 68), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The Senior District Judge ordered the issuance of a warrant on the same date (*id.*).

On February 17, 2017, the case was transferred from Senior U.S. District Judge Sam R. Cummings to U.S. District Judge Reed C. O'Connor. (Doc. 79).

**Current Revocation Proceedings**

    **1)    Procedural History**

Before the Court is the Government's Motion to Revoke Supervised Release dated February 21, 2017 (Doc. 80), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 68), executed December 19, 2016, and an Amended Petition dated February 1, 2017 (Doc. 70).

Following Defendant's arrest, he appeared before a magistrate judge on February 7, 2017, for an initial appearance (Doc. 71). A detention hearing and preliminary hearing were held on February 9, 2017. (Doc. 77). Probable cause was found and an order of detention entered. (Doc. 78.).

    **2)    Violation Allegations**

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

---

[1] Alleged violations taken from Amended Petition for Offender under Supervision dated January 31, 2017.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Nature of Noncompliance**

Maxamillion Powdrill violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about November 2016. On November 16, 2016, Mr. Powdrill submitted a urine specimen to a contract vendor, Helping Open People's Eyes (HOPE), in Arlington, Texas, which tested positive for and was confirmed positive for methamphetamine. Furthermore, on December 7, 2016, Mr. Powdrill admitted, verbally and in writing, to U.S. Probation Officer Toni Thompson (USPO Thompson) that he used Ecstasy, an illegal controlled substance, on or about November 14, 2016.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on May 4, 2017, before the magistrate judge. Defendant was represented by Assistant Federal Public Defender David Sloan; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that

Defendant not commit another federal, state, or local crime; the Mandatory Condition that Defendant not illegally possess a controlled substance; and Standard Condition No. 7.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 93). He then testified, stating he was aware that he had acted improperly. He apologized to the Court, and took full responsibility for his actions.

Defense Counsel read portions of a letter from Defendant's mother (Doc. 94), and requested consideration for a sentence at the low end of the guideline range. He also requested a non-binding recommendation for placement in FCI Seagoville.

The attorney for the government declined to comment.

## II. FINDINGS OF THE COURT

i. The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not commit another federal, state, or local crime; the Mandatory Condition that Defendant not illegally possess a controlled substance; and Standard Condition No. 7;

ii. The Defendant was competent to make the decision to plead true to the allegations;

iii. The Defendant had both a factual and rational understanding of the proceedings against him;

iv. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

vii. A preliminary revocation hearing was conducted and probable cause as to the alleged violations was found;

viii. At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix. The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

B. **STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration for each count upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of five to eleven months imprisonment, based upon Defendant's criminal history category of III and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of using and possessing a controlled substance. *See* 18 U.S.C. § 3583(g)(1).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a maximum term of supervised release of four (4) years to life, less any term of imprisonment

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests, his primary violation is of admittedly using and possessing a controlled substance.

imposed upon revocation of his current supervised release for Count 1, and three (3) years to life, less any term of imprisonment imposed upon revocation of his current supervised release for Count 3.

## IV. ANALYSIS[4] AND RECOMMENDATION

Defendant commenced his term of supervised release on February 8, 2016. He had difficulty securing employment while under supervision, and in October 2016, he was referred to LSI Staffing, in Irving, Texas, for employment placement assistance. Defendant secured employment as a laborer at Arlington-based Automann, Incorporated, in November 2016; however, he reported that he left his position in mid-January 2017, after a dispute with his employer.

Upon commencement of his supervised release, Defendant was referred to Helping Open People's Eyes (HOPE), in Arlington, for a substance abuse assessment and for enrollment into the random urinalysis collection program. Following the assessment, he participated in monthly individual treatment sessions and focused on maintaining a recovery lifestyle that promoted long-term remission from the use of all controlled substances, and developing a relapse prevention plan that included a healthy support system and an understanding of appropriate boundaries. Additionally, he was referred to Phoenix Associates and Counseling Services (PACS), in Fort Worth, Texas, for a mental health assessment. Defendant completed the assessment on April 7, 2016, and no further mental health treatment was recommended.

---

[4] Information in this section is taken from the Personal History Update section of the Supervised Release Violation Report.

In mid-October 2016, Defendant was successfully discharged from outpatient substance abuse treatment at HOPE; however, his participation in random urinalysis collection continued. On November 16, 2016, he submitted a urine specimen to HOPE, which subsequently tested positive for methamphetamine. Defendant initially denied using any illegal controlled substances, and on November 29, 2016, confirmation of the urinalysis results was requested. On December 5, 2016, the urine specimen was confirmed positive for methamphetamine, and Defendant subsequently admitted that he used a controlled substance on or about November 14, 2016; however, he admitted to using Ecstasy. It was explained to him that his urine specimen did not test positive for Ecstasy; however, he continued to report that he used what he presumed was Ecstasy. In December 2016, Defendant was re-referred to supportive outpatient treatment at HOPE. All subsequent urinalysis tests have been negative for illegal controlled substances.

Based on Defendant's illegal use of drugs while on supervision, incarceration is warranted. However, because the evidence shows only one confirmed use, it appears a term at the low end of the policy statement is appropriate in this case. **The recommendation of this Court is a 5-month term of imprisonment, per count, to be served concurrently.**

Should the District Judge concur with the recommended custodial sentence, Defendant faces a term of supervised release of 4 years up to life, minus the 5-months sentence imposed upon revocation, resulting in exposure to 43 months up to life on Count 1, and a term of 3 years up to life, minus the 5-months sentence imposed upon revocation, resulting in exposure to 3 months of supervised release as to Count 3. **It does not appear that Defendant would benefit from an additional term of supervised release, and such is not recommended.**

## V. CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS:**

i. that Defendant be found to have violated the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not commit another federal, state, or local crime; the Mandatory Condition that Defendant not illegally possess a controlled substance; and Standard Condition No. 7;

ii. that his supervised release be REVOKED;

iii. that he be SENTENCED to the custody of the Attorney General for a period of five (5) months as to each count, to be served concurrently, with a non-binding recommendation for placement at FCI Seagoville; and

iv. that no additional term of supervised release be imposed.

### NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 4th day of May 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE